Mabvin, J.
The case of the State of Ohio on relation of Hugh O. Hussey, against Herbert H. Hyman, Director of the Fire Service of the. City of Cleveland,is here on appeal from the court of common pleas on proceedings in mandamus brought for the purpose of having the relator, who was an officer then in the fire department of this cify and was removed by the defendant, the director of the fire service of this city, restored to his position in the fire department.
A charge, with the specifications, was filed with the director against the relator, and the charge was “violation of rule 15 of the rules governing the fire department of the city of Cleveland.”
The specification set out upon what facts it was claimed that the rule had been violated. The rule, speaking of the members of the fire department, reads:
“Not sell or assign his salary, or incur or contract any debts or liabilities which he is unable or unwilling to pay, or neglect or refuse to honorably discharge and promptly pay all indebtedness, claims and judgments, and satisfy all executions that may be held or issued against him, or commit any assault or breach of the peace, or do any act by which he can be arrested, confined or imprisoned and prevented from performing ihis duty as an officer or member of the department. * * *”
That is not the entire rule, but I have read enough to cover the point that, it is claimed here, was violated.
The specification, setting out the particular fact which, it is claimed, constituted the particular violation of the rule, reads:
“That one Hugh Hussey, a member of the Cleveland department, is now, and for some time past has been indebted to the People’s Ice Company in the sum of eight and ten one hundredths dollars for ice purchased of me; that the said People’s Ice Company has often requested said Hugh Hussey to pay the same, but that said Hugh Hussey has neglected and refuaed to pay the same or any part thereof. ”
And this is signed by Samuel N. Feskley.
The rule, or rather the authority to act under the rule, is derived from sub section 24 of section 1545 of the Revised Statutes of Ohio, Section 1545 being what is known as “The Federal .Plan Law, ” reads:
*189 “The head of any department may, by written order, giving his reasons therefor, remove or suspend any officer or employe of such department,provided the same shall not be done for political reasons, and such written orders shall be recorded in the records of the department and a copy thereof filed with the mayor, and provided that no member of the police, fire or sanitary police force, shall be removed or reduced in rank, except for cause,to be assigned in writing after due notice and a public hearing, if demanded by the accused, before a tribunal composed of the mayor, who shall be chairman thereof, the director of law and the president of the city council, but t.he head of the police, fire or sanitary police force, as the case may be, may suspend the accused pending the hearing of the charge preferred against them. ”
What is claimed on the part of the relator here, is, that he was removed without cause; that he was removed for political reasons; that tüe specification upon which the charge is based, is not sufficient, in itself, to bring him within the rule properly construed; that the facts are such as not to establish the truth of the specification.
After this charge had been preferred against him, he demanded a hearing. That hearing demanded by the relator, was had before the board provided for in the statute, consisting of the mayor, director of law and president of the city council,and that tribunal found him guilty as charged, and the sentence was, that he be and hp is hereby discharged from all further service in the Cleveland fire department —'the sentence was pronounced by the director, and not by the committee,
It is clear tüat the statute does not authorize a removal except for a proper cause, a sufficient cause. The language of the statute is, that he “shall not be removed except for cause;” but, of course, that means some proper cause.
This specification charges that the officer owed $8.10 for ice furnished to his family, which he has neglected and refused to pay; that he has owed that sum for some time past, the specification not alleging what length of time that debt has stood and, therefore, not bow long he has neglected to pay it, but it is charged that he has refused to pay it.
*190 The majority of the court are of the opinion that the specification itself does not set out such a cause as would be a proper cause for the removal of an officer from the department.
The simple fact that a member of the force was indebted for $8,10, and that he neglected or refused to pay it, it would seem to us, was a matter that ought not to arise to the dignity of requiring the removal of an officer from the force. Of course, it can well be said that the failure of a member of the fire department to pay his,debts might be very annoying to the head of the department and might be sufficient cause for removal; but the simple fact that a man owed one small debt that he had not paid,would not justify his removal from the department.
The court are unanimous in the opinion that under the evidence the specification is not sustained. It is established that he owed the debt of $8.10 to the man, but that he has ever refused to pay it, does not appear from the evidence. He has not paid it; but the evidence of the ice-man himself and the relator is to the effect that he promised to pay, he did not refuse to pay. Of course, the director did not know that he did or did not refuse, The director was called upon by the ice-man, and was somewhat annoyed thereby.
It is probable, as appears from the arguments, that there was some additional reason; and one other reason is, that there were other debts that this man owed; but the court heard enough of that to be satisfied that it was incompetent. It is clear that the man is entitled when he demands a trial upon a specification,to have the trial upon that specification. These are proceedings somewhat akin to court martial proceedings where a charge is set out in general terms and the particular facts relied on are set out by specifications, and the evidence must be confined to such specifications; and the fact that other things are known to those trying the accused will not justify the bestowing of the penalty thereon; they can not come into a general trial, Where a man is entitled to a trial, he is entitled to be notified of the things which, it is claimed, he has done, to justify punishment. The case of the People of New York ex rel. Shuster v. Wm. A. Humphrey et al. Commissioners of Police of the City *191 of Poughkeepsie, 156 New York, 231, sets out well the reasons for that proposition.
J. H. McCormick-, Noble, Finney & Willard,for Plaintiff.
T. H. Hogsett, Beacom, Excell & Gage for Defendant.
Entertaining these views, the order of the court will be that the prayer of the relator be granted; and that he be ■restored to his place in the fire department.